Citation Nr: 1504646 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 10-44 333 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to a total disability rating based in individual unemployability (TDIU) due to service-connected disabilities.


REPRESENTATION

Appellant represented by: Christopher R. Mancinone, Agent


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Brandon A. Williams, Associate Counsel


INTRODUCTION

The Veteran had active military service from May 1976 to March 1979.

This matter comes before the Board of Veterans' Appeals (Board) from an April 2010 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Milwaukee, Wisconsin. 

In October 2011, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

This matter was previously remanded by the Board in April 2013 for a medical examination and opinion. A review of the claims file reflect that the RO has complied with the remand instructions and obtained a medical examinations and opinions in July 2014 and August 2014.


FINDING OF FACT

The competent clinical evidence of record is against a finding that the Veteran's service-connected disabilities preclude him from maintaining substantially gainful employment.


CONCLUSION OF LAW

The criteria for the award of TDIU benefits have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2014).



REASONS AND BASES FOR FINDING AND CONCLUSION

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Notice was provided to the Veteran in November 2009. 

VA also has a duty to assist the Veteran in the development of the claims. The claims file contains service treatment records (STRs), VA and private medical records, and correspondence. The Board has perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claims for which VA has a duty to obtain. 

The Veteran was afforded a VA examination in July 2014, with an addendum opinion in August 2014. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the examination obtained in this case is more than adequate, as it provides findings relevant to the criteria for rating the disability at issue. Nieves-Rodriguez v. Peake, 22 Vet App 295 (2008). 

Based on the foregoing, the Board finds that all relevant facts have been properly and sufficiently developed in this appeal and no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to the claims. Essentially, all available evidence that could substantiate the claims has been obtained.


Legal criteria

Total disability ratings for compensation may be assigned where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of a service-connected disabilities: Provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). Substantially gainful employment is defined as work which is more than marginal and which permits the individual to earn a living wage. Moore v. Derwinski, 1 Vet. App. 356 (1991).

To establish a total disability rating based on individual unemployability, there must be impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. In reaching such a determination, the central inquiry is whether the Veteran's service connected disabilities alone are of sufficient severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993).

In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training and previous work experience, but not to his age or any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19 (2011); Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). 

Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation; provided that permanent total disability shall be taken to exist when the impairment is reasonably certain to continue throughout the life of the disabled person. 38 C.F.R. § 4.15.

It is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b). Rating boards should refer to the Director of the Compensation and Pension Service for extra-schedular consideration all cases of Veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage requirements set forth in 38 C.F.R. § 4.16(a). The Veteran's service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue must be addressed. 38 C.F.R. § 4.16(b). 

Analysis 

The Board has reviewed all of the evidence in the Veteran's claims file, with an emphasis on the medical evidence for the rating period on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Veteran is service-connected for chondromalacia of the right knee evaluated as 40 percent disabling, chondromalacia of the left knee, evaluated at 40 percent disabling, and fracture of the right fifth metacarpal, evaluated as noncompensable, for a combined evaluation of 70 percent disabling. He has reported having an associate's degree. As noted above, total disability ratings for compensation may be assigned where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of a service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). As noted above, the Veteran has a combined disability rating of 70 percent, with at least one disability rated as 40 percent disabling. Thus, the Board finds that the Veteran has met the scheduler criteria.

The Veteran has also been diagnosed with end stage renal failure, anemia, and Hepatitis C. He is not service connected for any of these disabilities.

The issue in this case is whether the Veteran's service connected disabilities alone are of sufficient severity to produce unemployment. See Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Despite the contentions of the Veteran, the evidence of record does not support a finding that the Veteran is incapable of substantial gainful employment due to his service-connected disabilities.

The clinical records reflect that the Veteran has had complaints of left calf pain (October 2006), cramping in the hamstrings (September 2008) ankle edema (September 2009) cramping in both hands (December 2009), right leg pain after dialysis (December 2009), bilateral leg and foot pain due to gout (January and February 2010), foot and knee pain (January 2010), possible renal rickets (February 2010), likely Hepatitis C arthropathy (April 2010), diffuse joint pain which may be reactive arthritis related to Hepatitis C (May 2010), cramping in all upper extremity joints (June 2010), nonspecific symptoms of weakness, fatigue, diffuse myalgias (August 2010), weakness on dialysis days (August 2010), weakness due to diarrhea and vomiting from dialysis (September 2010), inability to walk due to weakness (September 2010), right shoulder pain due to a fracture in 2009 (August 2010), and difficulty with mobility due to back pain (November 2010). Records also reflect he is anemic due to his kidney failure and dialysis.

October 2009 correspondence from social worker, D.P. reflects that the Veteran began ongoing kidney dialysis in December 2008. She stated that initially the Veteran was able to continue working and could take regular bus rides to and from work and dialysis; however with time, he "began having increased fluid building up which affected his breathing and ability to walk. [The Veteran] reported his legs being weak, and finds he needs to stop and rest after 10-15 steps. He is not able to stand for a very long at a time. . ."

A November 2009 VA examination report reflects that the examiner called into question the sincerity of the Veteran's effort with regard to range of motion of the knees. The examiner noted that the Veteran's subjective complaints are not supported by the objective evidence of record.

February 2010 correspondence from D.B., a social worker, reflects that he has noticed the Veteran having difficulty maintaining his mobility and becoming increasing tired and exhausted from small amounts of exertion.

March 2010 correspondence from S.M., Director of Veterans Assistance Program, reflects that the Veteran is "continuously exhausted just from attempting to walk short distances and is depending more and more on the aid of a wheel chair. With [the Veteran's] ongoing medical issues, he will not be financially able to secure an independent living situation in the community due to the fact that this veteran will not be able to increase his small income with employment opportunities in the future."

A September 2010 social work record reflects that the Veteran reported that he has not been able to bathe or change his bed linens in over a month due to his functional level and fatigue secondary to dialysis. 

October 2010 VA clinical records reflect that the Veteran was unemployable due to dialysis; however, the Veteran has stated that this is incorrect and that he is unemployable due to his service-connected knee disability. 

An October 2010 statement by L.M. reflects that he has seen the Veteran having problems with his right hand and knees, and that L.M. and his daughter have assisted the Veteran with daily activities.

November 2010 correspondence, included as a VA clinical record, by Dr. T.L. reflects that the Veteran is service connected for his knees. It further notes that "in recent months the joint pains have made it impossible for him to work. The worsening of his symptoms may be related to Hepatitis C Arthropathy or to Renal Arthropathy or as a consequence of side effects of interferon therapy."

Correspondence from Dr. A.J. reflects that the Veteran's dialysis did not cause the Veteran's knee problems nor is it making a significant contribution to maintaining his knee problem. 

February 2011 correspondence from Nurse Practitioner J.P. reflects that the Veteran's knee pain and stiffness is "compounded by deconditioning [related to] other chronic medical problems (mainly [chronic kidney disease], also Hepatitis). Currently he is limited to walking only steps and standing for a brief period in his home, he requires a cane and a walker to move brief distances within his home. He spends most of his time on his couch due to his mobility impairment. This has limited his ability to travel outside of his home, even with the use of public transportation, and to obtain employment."

In an August 2014 VA medical opinion, the clinician opined that the Veteran is able to sustain substantially gainful employment. The clinician further opined that while the Veteran should avoid positions that require extensive physical exertion or repetitive right hand motor movements; he is able to do jobs requiring light or moderate activity in regard to his service connected disabilities. 

Additionally, the August 2014 clinician opined that the severity of the Veteran's bilateral knee disability is more accurately represented in the 2009 VA medical examination in which the Veteran had no functional limitation due to his bilateral knee disability, but experienced significant pain after being very physically active. The clinician explained that the 2009 examination is more accurate due to the multiple non-service connected comorbidities.

In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training and previous work experience, but not to his age or any impairment caused by non-service connected disabilities. 38 C.F.R. §§ 3.341 , 4.16, 4.19 (2014); Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). The Veteran's experience is as a cook.

The evidence reflects that the Veteran has employment experience in the food services field. He has indicated that he has a culinary degree. A December 2009 mental health consultation record reflects that the Veteran had been taking a basic computer course and reported that he would like to enter a field of education in computers for the possibility of employment.

Based on the above, the Board finds that the Veteran's service connected disabilities do not prevent him from maintaining substantially gainful employment. As the record reflects the Veteran's service connected disabilities alone do not prevent him from employment. Rather, the record reflects that the Veteran's non-service conditions, such as his renal failure which requires dialysis, has caused the Veteran to become unemployable in the past. (See October 2010 VA clinical record). The Board notes that the Veteran has stated that he had to stop working due to hand cramping, knee buckling, numb hands, fluid buildup, shortness of breath, and a slowly deteriorating body. (See December 2009 VA Form 21-4142). However, the claims folder reflects that the Veteran's June 2009 resignation was not due to his inability to work due to any medical condition, but rather due to his refusal to turn himself in on an arrest warrant. (See December 2009 VA Form 21-4192).

The preponderance of the evidence is against the Veteran's contention that his service-connected disabilities are of such severity, even in combination, as to preclude his participation in substantially gainful employment. The Board has considered the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); Gilbert . v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

Entitlement to a total rating for compensation purposes based on individual unemployability (TDIU) is denied.



____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs